IDA M. HODSDON *vs.* ABRAHAM H. WEINSTEIN & others.

Plymouth.    January 22, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Collector of Taxes. Public Officer. Tax,* Redemption from sale. *Municipal Corporations,* Officers and agents.

A collector of taxes, who has been succeeded in office by the election of another, under no circumstances has any authority further as collector to accept payment or to make the certificate under G. L. c. 60, § 62, § 63, for the purpose of redemption of real estate from a sale made by him when he was collector for the collection of taxes assessed thereon.

The money for the redemption of real estate from a tax sale under G. L. c. 60, § 62, must be paid to the person who at the time of such payment holds the office of collector of taxes, and he is the only person under the statute authorized to issue the certificate of payment described in the statute.

PETITION, filed in the Land Court on August 28, 1924, for foreclosure of all rights of redemption of a tax title acquired by a sale of land for taxes.

In the Land Court, the petition was heard by *Corbett,* J. Material facts are described in the opinion. The judge ruled that Charles H. B. Waterhouse, when he issued the certificate described in the opinion, was *de facto* collector of taxes of the town of Hull and that "Under well established and familiar principles of law, his acts in connection with this matter have all the force of a collector *de jure*"; and the petition was dismissed. The petitioner appealed.

*A. W. Eldredge,* for the petitioner.

*M. Witte,* (*A. H. Weinstein* with him,) for the respondents.

CROSBY, J. This is a petition brought in the Land Court under G. L. c. 60, § 65, for foreclosure of all rights of redemption of a tax title acquired by a sale of land for taxes. The petition was ordered dismissed and the case is before this court on an appeal from that order. The statute provides, in part, that "After two years from a sale or taking of land for taxes, whoever then holds the title thereby acquired may

bring a petition in the Land Court for the foreclosure of all rights of redemption thereunder. . . . "

The material facts as shown by the record are as follows: On April 1, 1917, the land in question was owned by one O'Brien and the tax for that year was assessed to him by the assessors of the town of Hull. In 1919 Charles H. B. Waterhouse, who was the collector of taxes, sold the property for nonpayment of the tax assessed in 1917, to the petitioner and executed and delivered to her a tax deed dated September 29, 1919, which was duly recorded. No question is raised as to the validity of the assessment, or the sale, or the petitioner's title acquired thereunder. On December 17, 1917, O'Brien, by deed, conveyed the premises to one Martin, who mortgaged them to the respondent Columbia Trust Company; the mortgage is dated December 30, 1920. Martin, by deed dated July 15, 1921, conveyed the property to the respondents Weinstein and wife as tenants by the entirety. On March 7, 1921, at the annual town meeting one Jeffrey was duly elected collector of taxes for the town and qualified as such on the same day. On July 11 following, a certificate was made and delivered by Waterhouse as collector of taxes to Martin; it was duly recorded in the registry of deeds on July 20, 1921, and recites that the latter has paid to Waterhouse certain amounts therein stated to redeem the property from the tax sale; also that Martin is a person having an interest in the property, is the owner thereof, and as such desires to redeem the same from the sale in pursuance of G. L. c. 60, § 62.

Section 62 provides, among other things, that any person having an interest in land taken or sold for nonpayment of taxes may within two years redeem the same by paying or tendering to the collector the amount of the tax, all intervening taxes and certain other charges, fees, and interest therein specified, or by paying to the purchaser or his legal representatives or assigns the original sum and intervening taxes paid by him and interest. "He may redeem the land by paying to the collector the sum which he would be required to pay to the purchaser, with one dollar additional." Section 63 of the same chapter further provides, in part, that the

collector shall receive any money paid to him and give to the person paying it a certificate specifying the amount paid, and shall on demand pay over all money so paid to the person entitled thereto except that he shall retain one dollar for the use of the town and shall account to it therefor. The sole question presented is whether the certificate given by Waterhouse as "Collector of Taxes" to Martin, the predecessor in title of the present owners, was a valid redemption from the tax sale which vested title in Martin and extinguished the tax title conveyed to the petitioner.

The method of redemption, by payment to the collector instead of to the petitioner, is wholly statutory. The statute provides that the payment shall be made to the collector. He alone is required to give the certificate of payment, and is obliged on demand to pay the money so received to the person entitled thereto as determined by him. All these acts are to be performed by the collector as such. A collector of taxes in the performance of his duties is a public officer and not an agent of the municipality. *Graton* v. *Cambridge*, 250 Mass. 317. Although Waterhouse was collector of taxes for the town of Hull in 1919, when the premises were sold by him for the tax assessed in 1917, yet at the time he issued the certificate in July, 1921, he no longer held that office, but had been succeeded by Jeffrey who was elected at the annual meeting of the town held in March previously. When the money was paid by Martin and received by Waterhouse and a certificate was issued by the latter, he was not the collector of taxes and had no authority whatever as collector to accept the payment or to make the certificate. The only person empowered so to act was the collector of taxes holding that office in July, 1921. If Waterhouse had not been removed from office and his tax list had not been transferred to his successor and he was required to complete the collection of taxes committed to him, notwithstanding the expiration of his term of office, G. L. c. 60, § 15, still his action in receiving the money paid for the purpose of redeeming from the tax sale was not in fact a collection of taxes due the town. His duty, so far as it related to this particular tax, ended when he sold the property to the petitioner in 1919; he then

completed the collection of the tax which it was his duty to pay over to the town treasurer in accordance with his warrant. G. L. c. 60, § 2. In receiving the amount paid, he did not collect a tax, but received money from the owner who sought to redeem. The money received for the redemption of the property from the tax sale must be paid to the person who at that time holds the office of collector of taxes, and he is the only person under the statute authorized to issue a certificate of payment.

There is nothing in §§ 15, 96, and 97, applicable to the question here to be determined. The owner of property ought to be able to know with certainty to whom he should apply for a certificate of redemption; the tax collector is such a person; he is a public officer readily to be found, and to whom application can be made without the uncertainty or difficulty which might exist if such application had to be made to one who no longer held the office. The only person authorized to receive the money and issue the certificate in the case at bar was the tax collector who was elected in 1921. As Waterhouse had no authority so to act, the question whether for any purpose he was collector of taxes *de facto* or *de jure* in making the certificate is irrelevant and immaterial. He acted without lawful authority. The certificate is evidence of title to the real estate and is relied on by the respondents as extinguishing the petitioner's title. To have that effect, the statute must be complied with in all essential particulars. As the certificate was not issued by the person who at the time of such issue held the office of collector of taxes, it was without legal effect.

*Order dismissing petition reversed.*