FANNIE S. POLEP *vs.* JOSEPH P. MANNING COMPANY. May 16, 1941. Decision affirmed. This is a petition filed in the Land Court to foreclose rights of redemption on land situated in Everett that had been sold for non-payment of taxes for the year 1922. See G. L. (Ter. Ed.) c. 60, § 65, as last amended by St. 1938, c. 305. This statute provides that after "two years from a sale or taking of land for taxes . . . [with an exception not here material] whoever then holds the title thereby acquired may bring a petition in the land court for the foreclosure of all rights of redemption thereunder." A judge of the Land Court found in effect that the petitioner was not the holder of a tax title and ordered the petition dismissed. The petitioner appealed from this decision. According to subsidiary facts found, the tax title, on December 31, 1924, was held as a matter of record by one William Williams, and on that date the petitioner, the wife of the owner of the property subject to this tax title, paid to the collector of taxes of the city a sum of money "as the amount sufficient to redeem said parcel of land from the lien created . . . by the deed of the collector of taxes" and received a certificate to that effect, which was recorded by the petitioner on January 9, 1925, a record thereof being made on the margin of the record of the tax deed to Williams. See G. L. c. 60, § 62, as amended by St. 1924, c. 3; § 63. The judge found that the collector in "receiving the amount paid . . . did not collect a tax but received money from a person claiming to have an

interest in the property who sought to redeem." He ruled that the tax title was extinguished. See *Hodsdon* v. *Weinstein*, 251 Mass. 440, 443. He also ruled that, even if by reason of certain omissions in the certificate — to which no objection was made at the trial — the certificate was invalid "as a redemption it could not be held that the collector by his own error could vest himself with power to assign a tax title which was not held by the city but was held as of record by William Williams." Without discussing the effect of the omissions in the certificate it is enough to say that the petitioner failed to show that she was the holder of a tax title and, consequently, that she cannot maintain the petition.

*F. S. Polep, pro se.*

No argument nor brief for the respondent.