PATRICK FANNING *vs.* COMMONWEALTH.

Norfolk. April 3. — June 21, 1876. COLT & LORD, JJ., absent.

The provision of the Gen. Sts. c. 76, § 26, requiring that, before sentencing a boy to the reform school, "the court shall cause notice of the pendency of the case to be given to the mayor of the city, or one of the selectmen of the town, where the boy resided at the time of his arrest," is merely directory; and the omission of such notice does not affect the validity of the sentence.

WRIT OF ERROR to reverse a judgment rendered for the Commonwealth, upon an indictment for an assault, at December term 1874 of the Superior Court in Norfolk, upon which the plaintiff in error was sentenced to the State Reform School. The assignment of error was as follows : " That the sentence imposed by the court in said case is erroneous, illegal and void, for the reason that neither of the selectmen of the town of Dedham, the town wherein said Patrick Fanning resided at the time he was arrested for committing the offence alleged in said indictment, was notified of the pendency of said case by the said Superior Court before passing said sentence, as is required by the laws of said Commonwealth, said Patrick Fanning being under the age of seventeen years, to wit, of the age of thirteen years." Plea, *in nullo est erratum.*

*J. E. Cotter,* for the plaintiff in error.

*W. C. Loring,* Assistant Attorney General, ( *C. R. Train,* Attorney General, with him,) for the Commonwealth.

AMES, J. The provision contained in the Gen. Sts. *c.* 76, § 26, that, before sentencing a boy to the reform school, " the court shall cause notice of the pendency of the case to be given to the mayor of the city, or one of the selectmen of the town, where the boy resided at the time of his arrest," must be understood as having reference to a subsequent provision in the same statute rendering such city or town responsible to the extent of fifty cents a week for such boy's support. Such city or town has no other special or pecuniary interest in the case, and does not stand in any such relation to the boy as to be concerned in his defence. There can be no question of the jurisdiction of the court over the offence with which he was charged. In *Fitzgerald* v. *Commonwealth,* 5 Allen, 509, which is cited by the plaintiff in error, it was held that the judge of probate — having no common law jurisdiction — had no power to examine the case and pronounce judgment thereon, in a complaint against a boy for his commitment to the reform school, without first summoning in the father of the boy, if living; a very different case from that now under consideration, and arising under a different statute.

The omission to give the notice could not affect the party on trial in any way whatever. The statute contains no negative

words, importing that the sentence shall be rendered void·by such omission. The manifest purpose of the provision is to impose upon the town or city a liability to which it would not otherwise be subject, having reference to the indemn'ty of the county against certain expenses that are to be incurred after the sentence. We think that this may be considered as a matter of direction only. *Rex* v. *St. Gregory*, 2 A. & E. 99. *Lowell* v. *Hadley*, 8 Met. 180. Neither the nature of the act to be performed, nor the language used by the Legislature, necessarily shows that it was intended as a limitation of the power of the court, or a condition precedent to its exercise. *People* v. *Allen*, 6 Wend. 486. *Pond* v. *Negus*, 3 Mass. 230. *Williams* v. *School District*, 21 Pick. 75. The omission of the notice, although it may relieve the town from a pecuniary liability, cannot affect the validity of the sentence.                *Judgment affirmed.*