GEORGE P. BECKFORD *vs.* INHABITANTS OF NEEDHAM.

Norfolk.    March 20, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Way,* Widening highway.

R. L. c. 48, § 97, is directory and not mandatory, and a failure of the authorities of a town to cause a description and plan of land taken to widen a public street to be filed in the registry of deeds as directed by that statute within sixty days after a vote of the town accepting the relocation does not affect the validity of the acts of the town in taking the land and widening the street.

PETITION, filed in the Land Court on August 1, 1906, to register the title to three lots of land in Needham, one of which abutted upon a town way in Needham known as High Street.

The case was heard by *Davis,* J., and the only question at issue was whether an attempted taking of land for the purpose of widening High Street, made by the town of Needham on or about September 5, 1901, of which neither the petitioner nor the holder of the record title at the time of the attempted taking had any actual knowledge, was invalid by reason of the failure of the town authorities to file, within sixty days after the passage of the vote of the town accepting the relocation, a description and plan in the registry of deeds in accordance with R. L. c. 48, § 97. The judge ruled that the taking was a valid one, notwithstanding the town of Needham did not file a description and plan in the registry of deeds for the county of Norfolk, in accordance with the provision of the statute.

The judge made a decree determining the street line to be the new line as shown by plans filed in the case; and the petitioner alleged exceptions.

*G. P. Beckford, pro se.*

*T. E. Grover,* for the respondent.

MORTON, J.   The only question in this case is whether the failure of the town authorities to cause a description and plan of land taken to widen High Street to be filed in the registry of deeds as required by R. L. c. 48, § 97, within sixty days after the vote of the town accepting the relocation, renders the act of the town in taking the land and widening the street void.

The statute provides that, " The boards, officers or other authority which purchases or takes land for street or highway purposes shall, within sixty days after the passage of its order or vote to take or purchase such land, cause a description and plan thereof to be filed for record in the registry of deeds for the county or district in which the land lies." R. L. c. 48, § 97.

It is to be noted that the statute does not provide that the taking or purchase shall be void unless a description and plan are filed, and imposes no penalty on any one for failure to comply with its directions and contains no negative words restraining the filing of the plan and description after the expiration of the time named.   In other words, the statute does not in terms make the filing of the plan and description an essential part of the taking and purchase.   The plan and description are not required to be filed till after the vote or order to take or purchase has been passed, and after there has been a laying out, relocating or widening.   No intention is shown to amend the statutory provisions in regard to the laying out, relocating or widening of streets and highways so as to render their validity dependent upon the filing within the time named of a plan and description of the land taken or purchased.   The statute is not one in regard to the laying out, relocating or widening of streets and highways, or the taking or purchasing of land therefor, but is a statute in regard to the registration of the title of land so taken or purchased, and as such is directory and not mandatory. *Pond* v. *Negus,* 3 Mass. 230.   *Field* v. *Gooding,* 106 Mass. 310, 313.   *Fanning* v. *Commonwealth,* 120 Mass. 388.   The construction contended for by the petitioner would require us to import

into the statute a provision that, unless a plan and description were filed as directed, the laying out, widening or relocation of a street or highway in which land was taken or purchased should be void. If the Legislature had intended such a result the language would have been more explicit. The case differs from those cases in which, as in various water acts and the metropolitan park acts (St. 1894, c. 288, § 6 ; St. 1882, c. 119, § 3), the filing of a plan and description in the registry of deeds constitute the only evidence of the taking. The fact that the Legislature has deemed it advisable for some reason to pass confirmatory acts (St. 1904, c. 117 ; St. 1906, c. 128) in some instances where a plan and description had not been filed cannot affect the construction to be given to the statute.

*Exceptions overruled.*