HARRY P. CHADWICK *vs.* CITY OF CAMBRIDGE & others.

Middlesex.   May 20, 1918. — June 25, 1918.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Tax,* Sale, Foreclosure of right of redemption, Right of municipality as purchaser at tax sale. *Municipal Corporations,* Right as purchaser at tax sale.

Where a city becomes the purchaser of land sold by its collector of taxes at a tax sale, it receives a title subject to the later and paramount lien that may arise from taxes assessed after those for the collection of which the sale was made.

Upon a petition in the Land Court under St. 1915, c. 237, § 4, by the holder of a tax title to land in a city for the foreclosure of the right of redemption therefrom, it is proper for the trial judge to rule that the petitioner's title was paramount to titles acquired by the city through deeds of its collector of taxes to it as the purchaser at previous sales for the collection of taxes assessed and due in previous years.

PETITION under St. 1915, c. 237, § 4, filed in the Land Court on August 6, 1917, by the holder of a tax title to certain land in Cambridge acquired by a sale on July 9, 1915, for the collection of taxes for the year 1914, to foreclose rights of redemption from such sale.

The rights of all parties were disposed of excepting those of the city of Cambridge, which claimed under tax deeds at sales in

1909, 1910, 1911, 1912, 1913, for the collection of taxes due, respectively, in the year preceding each of such sales.

The case was heard by *Davis,* J., who ruled and ordered "that the petitioner's title is paramount to the lien claimed by the respondent. Unless the respondent files forthwith an offer to redeem there must be a decree for the petitioner forever foreclosing and barring all rights of redemption." The respondent alleged exceptions.

The case was submitted on briefs.

*J. A. L. Odde, H. F. R. Dolan & P. J. Nelligan,* for the respondent.

*W. A. Parker,* for the petitioner.

PIERCE, J. This is a petition under the provisions of St. 1915, c. 237, to foreclose a tax title on land in Cambridge to which the respondent city of Cambridge holds earlier tax titles. The tax deeds under which the city claims liens for taxes were dated respectively in 1909, 1910, 1911, 1912 and 1913. The city never sold the land as unredeemed land under R. L. c. 13, § 67, St. 1909, c. 490, Part II, § 68, or St. 1915, c. 237, § 20. The tax deed under which the petitioner claims title was dated July 9, 1915. The validity of the several deeds by which the parties acquired their respective titles is not questioned, and each one was duly executed, delivered and recorded. At the trial the respondent city asserted "that prior tax titles held by a city constitute a lien which is not extinguished by a subsequent sale for taxes, and that any decree for the petitioner in this case must be made subject to the respondent's lien." The presiding judge ruled and ordered as follows: "I rule that the petitioner's title is paramount to the lien claimed by the respondent. Unless the respondent files forthwith an offer to redeem there must be a decree for the petitioner forever foreclosing and barring all rights of redemption." To this ruling the respondent excepted.

The deeds of the collector conferred upon the city a fee and seisin subject to the right of redemption in the same manner it would upon an individual purchaser. R. L. c. 13, §§ 43, 48. St. 1909, c. 490, Part II, §§ 44, 49. *Coughlin* v. *Gray,* 131 Mass. 56. *Parker* v. *Baxter,* 2 Gray, 185, 189. The tax title is also subject to the later and paramount lien arising from taxes thereafter assessed. "For the lien of each year's tax is paramount to all previous liens."

*Keen* v. *Sheehan,* 154 Mass. 208, 209. *Parker* v. *Baxter, supra.*
*Hunt* v. *Boston,* 183 Mass. 303, 305. *Abbott* v. *Frost,* 185 Mass.
398.

The respondent does not dispute that "The rule generally stated
is that a sale of land for a valid tax gives a paramount title, free
from the ownership or incumbrance of rights previously existing
which had been carved out of the property by an owner, or which
had been acquired in it by prescription or otherwise," Knowlton,
C. J., in *Hunt* v. *Boston, supra,* and cases cited, but contends that
the rule is not applicable where a municipality holds the earlier
tax title. In support thereof it relies upon St. 1909, c. 490, Part II,
§ 67, as amended by St. 1915, c. 237, § 19, which reads: "If land is
taken or purchased by a city or town, taxes shall, until foreclosure
of the title so acquired, be assessed thereon as though the same
were not so taken or purchased; and shall be deducted from the
proceeds of the final sale; " also, upon St. 1915, c. 237, § 18, which
reads: "After the foreclosure by a city or town of the rights of
redemption under a tax title or taking, as hereinabove provided,
the land shall thereafter be held and disposed of like any land be-
longing to it and held for municipal purposes, and shall not while
so held be assessed for taxes;" also, upon St. 1909, c. 490, Part
II, § 68, as amended by St. 1915, c. 237, § 20, which provides for the
sale of unredeemed land "within two years after the time for re-
demption has expired, . . . ; and if, from any cause, such sale
shall not be made within two years, it shall be made by the col-
lector when he deems best or at once upon the service upon him of
a written demand of any person interested therein. . . . He [the
collector] shall deduct from the proceeds of said sale the expense
thereof, the amount named in the collector's deed. . . . The
balance shall be deposited with the city or town treasurer to be
paid to the person entitled to the land, if demanded within five
years. . . ."

It is true that the title conveyed by the deed of the collector is
held by a municipality "as security for the repayment of the pur-
chase price" until redemption or until the right of redemption is
foreclosed in the manner provided by St. 1915, c. 237, §§ 4 to 9
inclusive, but it is equally true that under the same statutory
provisions the title of an individual purchaser is held as security
until foreclosure of the right of redemption. The statute above

quoted relating to the sale of unredeemed land taken or purchased by a municipality, does not affect the validity or quality of the title acquired by it as a purchaser at a tax sale, and was intended only to define the method by which a municipality should dispose of its tax titles and account to the former owner, or person entitled to the land, for any surplus remaining after deducting "from the proceeds of said sale the expense thereof, the amount named in the collector's deed or instrument of taking as due when the same was executed, all interest, charges and subsequent taxes and assessments thereon." *Welch* v. *Haley,* 224 Mass. 261, 264.

The argument of the respondent that "The municipality would lose its taxes unless it sells the land as unredeemed land before the expiration of two years from the purchase by an individual of a subsequent tax title," is unsound, because if it redeems from that lien it could deduct the amount paid as a subsequent tax from the proceeds of the sale of the unredeemed land. We are of opinion the lien of a tax deed as security for the repayment of the purchase price, is paramount to all previous tax liens acquired by municipalities or individuals.

The ruling of the judge of the Land Court was right, and the exception thereto is overruled.

*So ordered.*