CITY OF BOSTON *vs.* EDWIN C. JENNEY, trustee.

Suffolk.    January 10, 1933. — February 20, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Tax,* Sale: foreclosure of tax title. *Land Court,* Decree.

Under G. L. (Ter. Ed.) c. 60, § 61, a city or town, which has purchased land sold for the nonpayment of taxes for a certain year and has become the holder of a valid tax deed thereon, cannot sell the land again for the nonpayment of the taxes for subsequent years if there has been no redemption of the land from such tax title nor foreclosure of the right to redeem.  Following *Landers* v. *Boston,* 267 Mass. 17.

A petition in the Land Court by a city for foreclosure of a tax title acquired by it under a sale for nonpayment of taxes for 1926, which was invalid because the city already was the holder of a tax deed made to it for nonpayment of taxes for 1919, properly was dismissed even if tax deeds for nonpayment of taxes for 1922, 1923 and 1924, upon which the respondent relied, also were invalid for the same reason: the petitioner must rely on its own title.

Furthermore, the respondent in the proceedings above described having obtained a decree of the Land Court, declaring that his title under

the tax deed made for nonpayment of taxes for 1922 was absolute, in previous proceedings in which the city had not contested the validity of that deed, it was too late for the city, in the proceedings instituted by it, to challenge the earlier decree.

PETITION, filed in the Land Court on April 8, 1930, described in the opinion.

The case was heard by *Corbett,* J. Material facts are stated in the opinion. The judge ordered the petition dismissed. The petitioner appealed.

*J. G. Wolff,* Assistant Corporation Counsel, for the petitioner.

*M. R. Pihl,* for the respondent.

WAIT, J. This is a petition for foreclosure of a tax title. The material facts are as follows: The city collector sold the land here in question for nonpayment of taxes for the year 1926. The tax deed under said sale was taken over by the city of Boston. It now seeks to have the title thus acquired declared to be absolute. The respondent claims title under a tax sale made by the collector to his testator for nonpayment of taxes assessed upon the premises for the year 1922. The city of Boston held a tax deed of the premises made by the collector for nonpayment of taxes assessed for the year 1919. The collector made sales for nonpayment of taxes for the years 1923 and 1924 to one Hodsdon and delivered deeds therefor to her. Hodsdon later quitclaimed all the right, title and interest acquired thereunder to said testator. All the deeds were duly recorded. The respondent, on January 15, 1931, obtained a decree of the Land Court which declared the title obtained under the tax deed for sale for unpaid taxes of 1922 to be absolute. In that proceeding the city of Boston appeared, but no one contested the validity of the deed. Upon these facts the judge in the Land Court held that the city's deed was invalid and dismissed its petition. The city appealed.

We find no error. In *Landers* v. *Boston,* 267 Mass. **17,** this court held that, by virtue of G. L. (Ter. Ed.) c. 60, § 61, where a town or city had purchased or taken real estate for nonpayment of taxes, it could not later sell or take the premises for nonpayment of subsequent taxes, costs and

interest, but must obtain them on. the redemption or the foreclosure of the right of redemption under such taking or purchase; and that any subsequent sale or taking made before such redemption or foreclosure was invalid. That decision is controlling here. The sales made after the sale for the taxes of 1919 were uncalled for and invalid. The deed relied upon by the petitioner for the sale of 1926 was invalid. If it be suggested that the title deemed to be absolute in the respondent rests upon a deed open to the same objection, the answer is that the petitioner must rely upon its own title; and, furthermore, that it is too late to attack. the earlier decree. It cannot be challenged in this proceeding.

We find nothing in *Keen* v. *Sheehan,* 154 Mass. 208, or *Chadwick* v. *Cambridge,* 230 Mass. 580, cited by the petitioner, in conflict herewith. Both were decided before St. 1919, c. 263 (now G. L. [Ter. Ed.] c. 60, § 61), took effect. The liability of the premises to future taxation is undisturbed.

*Decision affirmed.*