CITY OF BOSTON *vs.* GRACE F. CABLE & others.

Suffolk.    April 2, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Tax,* Redemption. *Interest.*

The certification, required by G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1934, c. 48, of a tax assessed upon real estate after a purchase by a municipality at a tax sale, as the foundation of a right to include it in the amount to be paid on redemption must be made not later than September 1 of the year following the year of assessment.

Interest upon a tax certified under the provision of G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1934, c. 48, should be added to the principal of the tax in ascertaining the amount to be paid for redemption although it was not included in the amount certified.

PETITION, filed in the Land Court on December 9, 1938, for foreclosure of the right of redemption from a tax title.

The case was heard by *Courtney,* J.

*S. S. Dennis,* Assistant Corporation Counsel, (*N. Moger,* Assistant Corporation Counsel, with him,) for the petitioner.

*M. H. Sullivan,* (*R. E. Sullivan* with him,) for the respondents.

*L. F. Davis,* by leave of court, submitted a brief as *amicus curiae.*

RONAN, J.    This is a petition filed under G. L. (Ter. Ed.) c. 60, § 65, in the Land Court, to foreclose a tax title which the petitioner acquired on June 7, 1935, at a sale for the

nonpayment of taxes assessed for 1933. The answer of the respondents, in accordance with G. L. (Ter. Ed.) c. 60, § 68, includes an offer to redeem, and the sole issue is the amount of money the respondents should pay in order to redeem the land. The respondents appealed from a decision of the judge of the Land Court fixing this amount and from the denial of certain requests for rulings.

The statute G. L. (Ter. Ed.) c. 60, § 61, as amended, so far as now material, by St. 1934, c. 48, provides that "it shall be unnecessary for the town to take or sell said real estate for non-payment of said subsequent taxes, costs and interest; and on redemption from such taking or purchase, said subsequent taxes, costs and interest shall be paid to the town, and the payment shall be made a part of the terms of redemption, except that if any of the said subsequent taxes have not been certified by the collector to the treasurer to be added to the tax title account, then redemption may be made by payment only of the amount of the tax for which the estate was purchased or taken and of such subsequent taxes as shall have been so certified, together with costs and interest. The collector shall certify to the treasurer not later than September first of the year following that of their assessment all subsequent taxes which become part of the terms of redemption and the treasurer shall give him a certificate stating that the amount or amounts have been added to the tax title account or accounts and the collector shall be credited as if the tax had been paid in money." A sale or taking by the town for the payment of such subsequent taxes is no longer necessary. *Landers* v. *Boston,* 267 Mass. 17. *Boston* v. *Jenney,* 282 Mass. 168. *Snow* v. *Marlborough,* 301 Mass. 422. A person is not entitled to redeem the land from the taking or purchase made by the town unless he pays such subsequent taxes as have been duly certified by the collector to the treasurer, together with costs and interest.

The respondents contend that the judge of the Land Court has erred in determining the amount due upon the redemption of the land by including the amount of all taxes assessed subsequently to the tax for the year 1933 for which

the sale was made to the petitioner, because, as they urge, such subsequent taxes were not certified in the manner prescribed by the statute.

The decision of the judge does not purport to set out all the material evidence and consequently we cannot determine whether the findings were warranted by the evidence. Findings of fact made upon unreported evidence must stand. The question whether the general finding for the petitioner that it is entitled to be paid a certain amount upon the redemption of the land is, as matter of law, inconsistent with the specific findings is open for revision together with such questions of law as are apparent on the record. *Webber* v. *Cox*, 256 Mass. 595. *Willard* v. *Kimball*, 277 Mass. 350. *Bacon* v. *Kenneson*, 290 Mass. 14. *McCarthy* v. *Lane*, 301 Mass. 125. *Morse* v. *Chase*, 305 Mass. 504.

The judge found in reference to the taxes for the years 1934 to 1939 inclusive "that all these subsequent taxes were certified previous to September first of the year following that of their assessment with the exception of the tax for the year 1934 which tax was certified on December 9, 1935." He ruled that the provisions of the statute relative to certification of the tax not later than September first of the year following that of its assessment were only directory. Statutes imposing a lien upon the property of a citizen for the payment of a tax are strictly construed and the lien being the creature of the statute does not originate and continue in existence unless there has been a full compliance with the terms of the enabling statute. Apart from the statute there is no lien. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. *Dunham* v. *Lowell*, 200 Mass. 468. *Collector of Taxes of Boston* v. *Revere Building, Inc.* 276 Mass. 576. *Shruhan* v. *Revere*, 298 Mass. 12. The statute does not require the tax to be certified; but if the tax is to be added to the amount that is to be paid upon redemption then the tax must be certified within the prescribed time. The validity of a charge to the taxpayer depends upon the performance by the city within the time designated by the statute of all the acts essential to the existence of the remedy. It is familiar law that, where a

liability and a remedy for its enforcement are created by the same statute which requires the performance of some act within a designated time, the time for performance is a limitation of the right and not the remedy, so that the right is lost if the act is not performed within the defined period. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418. *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564. *Sterling* v. *Frederick Leland & Co. Ltd.* 242 Mass. 8. *L'Huilier* v. *Fitchburg,* 246 Mass. 349. *Hester* v. *Brockton,* 251 Mass. 41. *Bickford* v. *Furber,* 271 Mass. 94. *Choate* v. *Assessors of Boston,* 304 Mass. 298.

The only subsequent taxes that are to be made a part of the terms of redemption are such "as shall have been so certified." These words include only taxes that have been duly certified by the collector to the treasurer if such subsequent tax is to "become part of the terms of redemption." "The collector shall certify . . . not later than September first . . . all subsequent taxes which become part of the terms of redemption." These words plainly impose a duty upon the collector to preserve the tax lien in the public interest, and in the interest of the owner who is entitled to know the existence and extent of any adverse interest in his property which is held by the city as the security for the payment of the tax. The natural and ordinary meaning of the words "shall certify" is to express a positive and compulsory mandate. *Rea* v. *Aldermen of Everett,* 217 Mass. 427. *Bay State Street Railway* v. *Woburn,* 232 Mass. 201. *Milton* v. *Auditor of the Commonwealth,* 244 Mass. 93. *Elmer* v. *Commissioner of Insurance,* 304 Mass. 194. Statutes less mandatory in form than the instant statute, conferring power upon public officials to act when the public interest or the rights of individuals require its exercise, have been construed to be mandatory. *Commonwealth* v. *Mekelburg,* 235 Mass. 383. *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation,* 257 Mass. 43. *Mitchell* v. *Mitchell, Woodbury Co.* 263 Mass. 160, 164. Construing the statute as a whole, as we must, we are of opinion that subsequent taxes must be certified within the time therein prescribed in order to be included within the amount re-

quired to be paid upon redemption. The case is readily distinguishable from *Pond* v. *Negus,* 3 Mass. 230, *Williams* v. *School District in Lunenburg,* 21 Pick. 75, and *Lowell* v. *Hadley,* 8 Met. 180, where the statutes in the first and second cases, requiring the assessment of taxes within thirty days after a certificate from the district clerk, and where the ordinance in the third case, requiring a statement of expenses to be filed within ten days after completion of the work for the purpose of assessing the cost, were all held to be directory. Those statutes and that ordinance did not contain provisions that, unless the acts were done within a certain time, no tax or assessment could be collected.

The amount of the interest due upon these subsequent taxes up to the date of certification was omitted when they were certified by the collector, but a certification was made on September 27, 1939, for the purpose of including this interest. The statutes make no provision for such certification, but the rights of the respondents were not affected unless they were charged more interest than they would be liable for if it had been computed in accordance with the statutes. All that is to be certified by the collector is the principal of the tax. G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1934, c. 48. Interest from October 1 in the year of assessment and up to the date of certification is to be charged at the rate prescribed by G. L. (Ter. Ed.) c. 59, § 57, as most recently amended by St. 1938, c. 330, in accordance with these amendments while they were in effect, and this item is to be included in the tax title account of the property. G. L. (Ter. Ed.) c. 60, § 50, as amended by St. 1935, c. 414, § 1, St. 1936, c. 93, § 2. Interest after certification is to be charged and collected as provided by G. L. (Ter. Ed.) c. 60, § 62, with its various amendments ending with St. 1938, c. 415, § 5, at the rates for the periods during which these various amendments were operative.

It is unnecessary from what has been said to discuss further the refusal to grant the requests of the respondents. The tax for 1934 together with costs and charges, including interest upon this tax, should be omitted from the amount to be paid upon redemption of the property; and the inter-

est upon all the other subsequent taxes should be computed in accordance with this opinion.

*Decision reversed.*