LINA H. GAUNT *vs.* JEREMIAH G. ARZOOMANIAN.

Suffolk.    November 4, 1942. — January 25, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Taxation,* Of real estate: tax title, foreclosure of right of redemption. *Mortgage,* Of real estate: taxes, foreclosure.

Failure to notify the owner of land of a petition by a city in the Land Court to foreclose rights of redemption from a tax title held by it did not affect the validity of a decree for the city in such proceedings as against a mortgagee who had been notified and had appeared and answered: a purported foreclosure of the mortgage thereafter and conveyance by the purchaser at the foreclosure sale were of no effect.

PETITION, filed in the Land Court on September 2, 1941, for registration of the title to land.

The respondent appealed from a decision for the petitioner by *Smith,* J.

*G. W. Abele,* for the respondent.

*A. A. Tucker,* for the petitioner.

Qua, J. The facts are these: The petitioner claims title by deed from the city of Boston. The respondent claims title under a conveyance to him by one Brown. The city held a tax title on the property. It procured from the Land Court a decree dated January 4, 1937, for a foreclosure of all rights of redemption from the tax title. G. L. (Ter. Ed.) c. 60, §§ 64–75, as then amended. In this foreclosure proceeding, "because of the negligence of the examiner," the owner of the land was not notified as required by § 66, as amended, but the holders of a mortgage upon the land were notified and appeared and answered but were defaulted for failure to appear and defend at the trial. See § 69, as amended. Thereafter they filed a petition to vacate the decree of foreclosure, which petition was denied on May 11, 1939. On May 16, 1939, the mortgagees assigned or purported to assign their mortgage to Brown. Brown went through the form of a foreclosure of the mortgage by sale, bought in at the sale, and then conveyed to the respondent. Two years after the entry on January 4, 1937, of the decree for foreclosure of rights of redemption from the tax title, the owner, who had not been notified, conveyed to the city. On June 2, 1941, the city conveyed to the petitioner.

The city's original tax lien and the sale or taking under it gave the city a tax title to the entire estate paramount both to that of the mortgagees and to that of the original owner of the equity in the land. *Parker* v. *Baxter*, 2 Gray, 185, 189. *Hunt* v. *Boston*, 183 Mass. 303, 306. *Abbott* v. *Frost*, 185 Mass. 398. *Chadwick* v. *Cambridge*, 230 Mass. 580. *Donovan* v. *Haverhill*, 247 Mass. 69, 71, 72. *Crocker–McElwain Co.* v. *Assessors of Holyoke*, 296 Mass. 338, 344, 345. G. L. (Ter. Ed.) c. 60, § 45, as amended; § 54, as amended. But under the sections last cited the owner and the mortgagees had their respective rights to redeem from this tax title, which continued until foreclosed through petition in the Land Court as provided in §§ 64–75. *Coughlin* v. *Gray*, 131 Mass. 56, 57. *Jenney* v. *Tilden*, 270 Mass. 92, 95. The mortgagees' right to redeem from the tax title was foreclosed by the decree of January 4, 1937, in the suit to which they and the city were parties. After that decree the city's

title as against the mortgagees was "absolute." § 64. See *Boston* v. *Jenney*, 282 Mass. 168, 170. The failure to notify the owner of the land of the pendency of the petition for foreclosure of the rights of redemption from the tax title as required by § 66, as amended, did not affect the validity of the decree in its application to the mortgagees, who were notified and who appeared. *Bigoness* v. *Hibbard*, 267 Ill. 301. *Ensign* v. *Batterson*, 68 Conn. 298, 305. *Eckerson* v. *Tanney*, 235 Fed. 415. See *Kurzius* v. *Hillside Land Co.* 112 N. J. Eq. 466. Whether the failure to notify the owner rendered the decree invalid even as to him is not involved in this case. But see *Bucher* v. *Randolph*, 307 Mass. 391; *Bell* v. *Eames*, 310 Mass. 642. And anyway, the owner conveyed his interest to the city. As against the city the mortgagees had no interest in the land after the decree, and the subsequent assignment and foreclosure of the mortgage and the conveyance by the assignee-purchaser to the respondent were of no avail.

The city's deed to the petitioner in 1941 conveyed a title proper for registration. No error is disclosed.

<div align="right">

*Decision affirmed.*