## UNITED STATES v. FIVE ACRES OF LAND et al.

### Misc. Civ. No. 6412.

District Court, D. Massachusetts.
July 30, 1943.

Edmund J. Brandon, U. S. Atty., and Philip P. A. O'Connell, Sp. Asst. to U. S. Atty., both of Boston, Mass., for Government.

Joseph Israelite, City Solicitor, and Louis R. Bennett, Asst. City Solicitor, both of Chelsea, Mass., for petitioner City of Chelsea, Mass.

Goodwin, Procter & Hoar, of Boston, Mass., for respondents.

118

Robt. T. Bushnell, Atty. Gen., for Commonwealth of Massachusetts.

HEALEY, District Judge.

By an amended declaration of taking filed by the Acting Secretary of the Navy of the United States on January 22, 1942, the United States acquired the land in question, owned by the defendants, Richard T. Green Company and M. Thomas Green, Trustee, hereinafter called owners. The City of Chelsea, hereinafter called the petitioner, filed an answer claiming that the owners are indebted to the City of Chelsea for unpaid taxes and interest, for the years 1933 to 1942 inclusive, amounting to the sum of $139,383.85, and that said sum constitutes a lien upon the land involved.

The petitioner then filed a petition seeking an order of this court for the payment to the petitioner of the sum of $139,383.85 from the balance of the sum remaining on deposit in the registry of the clerk's office of this court.

The owners filed an answer denying the validity of the claims of the petitioner, setting up, among other defenses, the defense that certain amounts of taxes claimed were not certified by the tax collector to the Treasurer as required by Massachusetts law.

The land had been sold by petitioner on September 6, 1934, for unpaid taxes, and the tax title deeds to the City of Chelsea were recorded in the Suffolk Registry of Deeds on October 18, 1934.

On April 29, 1940, the petitioner filed in the Land Court of the Commonwealth of Massachusetts, petitions to foreclose the right of redemption to the land sold for nonpayment of 1932 taxes. The owners, in the proceedings in the Land Court, set up improper certification as a defense. These proceedings are still pending in the Land Court.

The owners' claim is that some or all of the amounts due for taxes in the years 1933 to 1942 were not properly certified. The petitioner contends that it is immaterial in the present proceedings whether or not there was proper certification.

The parties have agreed that the issue of materiality of certification may be divided from the other issues of law and fact, and that an adjudication, by way of a declaratory judgment, be made by this court upon the issue of the materiality of cer-

tification. The petitioner has, therefore, filed a motion for that purpose. Counsel have agreed that the decision of the court on this motion shall be the law of the case, subject, of course, to the right of appeal on the question of whether or not the issue of certification is material as a matter of law.

By 40 U.S.C.A. § 258a, it is provided that in the case of the taking of property by the United States for public use the "court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

 However, in proceedings for distribution of funds deposited in the Federal Court under 40 U.S.C.A. § 258a, the rights of the respective claimants are to be determined by the law of the state where the land lies. United States v. Certain Parcels of Land in San Diego, D.C., 44 F.Supp. 936. See, also, Stevens v. Edwards, 5 Cir., 112 F.2d 534. Therefore, the question of whether or not the failure of the collector to certify the amount of the tax to the treasurer for any year invalidates the tax lien for such tax is to be determined in accordance with the law of Massachusetts, unless the law of Massachusetts is inconsistent with congressional legislation. See United States v. A Certain Tract or Parcel of Land in Chatham County, Ga., D. C., 44 F.Supp. 712, 715.

██ This controversy involves the correct interpretation of Chapter 60, Section 61 of the Massachusetts General Laws (Ter.Ed.) as amended by St.1936, c. 93, which provides as follows: "Whenever a town shall have purchased or taken real estate for payment of taxes the lien of the town on such real estate for all taxes assessed subsequently to the assessment for payment of which the estate was purchased or taken shall continue, and it shall be unnecessary for the town to take or sell said real estate for non-payment of said subsequent taxes, costs and interest; and on redemption from such taking or purchase, said subsequent taxes, costs and interest shall be paid to the town, and the payment shall be made a part of the terms of redemption, except that if any of the said subsequent taxes have not been certified by the collector to the treasurer to be added to the tax title account, then redemption may be made by payment only of the amount of

the tax for which the estate was purchased or taken and of such subsequent taxes as shall have been so certified, together with costs and interest. The collector shall certify to the treasurer not later than September first of the year following that of their assessment all subsequent taxes which become part of the terms of redemption and the treasurer shall give him a certificate stating that the amount or amounts have been added to the tax title account or accounts and the collector shall be credited as if the tax had been paid in money. A city or town which has assigned a tax title held by it shall, after such assignment, have all the rights and powers to take or sell the real estate affected thereby, for the nonpayment of taxes, which it would have possessed had said city or town never been the holder of said tax title."

The leading case upon the question of "certification" within the meaning of General Laws (Ter.Ed.) of Massachusetts, Chapter 60, Section 61, as amended, is City of Boston v. Cable, 306 Mass. 124, 27 N.E.2d 699, 701. That case arose on a petition to foreclose a tax title acquired at a sale for the nonpayment of 1933 taxes. The respondents offered to redeem, and the sole issue was "the amount of money the respondents should pay in order to redeem the land." The Land Court Judge found in that case with reference to the taxes for the years 1934 to 1939 inclusive "that all these subsequent taxes were certified previous to September first of the year following that of their assessment with the exception of the tax for the year 1934 which tax was certified on December 9, 1935." He ruled that the provisions of the statute relative to certification of the tax not later than September first of the year following that of its assessment were only directory, and held that the amount due upon the redemption of the land should include the amount of all taxes assessed subsequently to the tax for the year 1933, including the tax for the year 1934. On appeal, the Supreme Judicial Court held that the Judge of the Land Court erred in including the tax for the year 1934.

By its original opinion, reported in the 1940 Advance Sheets of the Opinions of the Supreme Judicial Court, at page 851, the court clearly indicated that failure to comply with the statutory provision for certification caused a lapse of the lien itself. The court said at page 852: "The continuance of the lien for the payment of all taxes assessed subsequently to the tax for the payment of which the taking by or the sale to the town was made is effected by a certification of the subsequent taxes in compliance with the terms of this statute."

Again at page 853: "A new method has been created for continuing the lien. * * *."

And again at page 854: "The statute defines the extent and duration of the lien. Successive certifications for succeeding years are required for keeping alive the lien for the tax for any of those years, and the lien for a subsequent year may be continued in existence although the lien for a prior tax has lapsed on account of the failure to comply with the statute."

However, by its revised and final opinion, reported in 306 Mass. 124, 27 N.E.2d 699, 702, all of the above quoted language was eliminated. The court merely held that the only taxes subsequent to the tax for the nonpayment of which the property was sold "that are to be made a part of the terms of redemption are such 'as shall have been so certified.'"

It also seems clear from a reading of Section 61 of Chapter 60 of the General Laws (Ter.Ed.) of Massachusetts, as amended, that all that the legislature intended was that subsequent taxes had to be properly certified in order that their "payment shall be made a part of the terms of redemption." The phrase establishing the exception in the case of taxes not properly certified immediately follows and qualifies the provision that payment of such taxes shall be made a part of the terms of redemption. It would seem, therefore, that the Massachusetts legislature did not intend that failure properly to certify subsequent taxes should invalidate the lien for those taxes, but merely that, when taxes were not properly certified, payment of them should not be made a part of the terms of redemption.

It would seem equally clear that the Massachusetts Supreme Judicial Court also placed that interpretation on the statute in the Cable case, particularly in view of the fact that that court, in its revised opinion, struck out language clearly indicative of its previous opinion that failure properly to certify invalidated the lien itself.

Consequently, in my opinion, under Massachusetts law, failure properly to certify the amount of tax for any year would not invalidate the tax lien for that year's tax.

120

The owners contend that they still have the right of redemption, in spite of the taking by the United States Government. Assuming that this is true, and that, in order to redeem, only those taxes which have been properly certified must be paid, the owners would, by redemption, obtain only a title subject to a lien for those taxes not properly certified. This naturally follows, if, as has been here decided, failure properly to certify does not invalidate the petitioner's lien. This court then, under 40 U.S.C.A. § 258a, would make such orders as to liens and taxes as shall be just and equitable, and would, of course, take into consideration such tax lien.

The effect of any other holding would be to wipe out the petitioner's rights to certain taxes to which, on the pleadings, it is justly and equitably entitled, merely because the petitioner's agent failed to follow the technical provisions of the Massachusetts statute.

In other words, in my opinion, the Massachusetts statute involved neither creates nor destroys any substantive rights, but merely gives a procedural method for enforcing certain rights.

It follows, therefore, that the question of proper certifications is immaterial to the question of whether or not there was a lien in favor of the City of Chelsea, within the meaning of 40 U.S.C.A. § 258a.

I conclude, therefore, that the question of "certification", so-called, is immaterial to the present cause.