CITY OF BOSTON *vs.* ANNA M. BARRY & another.

Suffolk.    April 10, 1941. — March 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Taxation,* Real estate tax: redemption, certification.

The provision of § 61 of G. L. (Ter. Ed.) c. 60, as appearing in St. 1933, c. 325, § 9, that the "collector shall certify to the treasurer on September first" or, by the amendment of St. 1934, c. 48, "not later than September first" "of the year following that of their assessment all subsequent taxes which become part of the terms of redemption," though imperative in phraseology, was merely directory; and certifications by the collector of taxes for the years 1932, 1933, and 1934, several months after the date stated in the statute, did not as a matter of law prevent the inclusion of their amount in the amount to be paid for redemption under § 68, as amended, by a respondent in a proceeding to foreclose the right of redemption from a tax title begun after the dates of such certifications. *Boston* v. *Cable,* 306 Mass. 124, overruled.

The provision of G. L. (Ter. Ed.) c. 60, § 105, as amended by St. 1933, c. 168, § 3, that "forms to be used in proceedings for the collection of taxes under this chapter . . . shall be as prescribed by the commissioner," is merely directory; and certifications by the collector

under § 61, as amended, before forms therefor had been established by the commissioner, by letters to the treasurer sufficient to identify the property taxed and to specify the amounts of taxes which were to be added under that statute, were sufficient.

PETITION, filed in the Land Court on February 17, 1940, for the foreclosure of rights of redemption from a tax title.

The case was heard by *Fenton*, J. In his decision he stated that certifications by the collector of the taxes for the years 1932, 1933, and 1934, were by letters to the treasurer dated, respectively, August 3, 1934, December 3, 1934, and November 30, 1935; that such method "in each year was sufficient to identify the property of the respondents and to specify the amount of the taxes which was to be added to the separate tax account of the respondents in each year. Furthermore, as far as a method alone is concerned, it was in each year sufficient to comply with the provisions of G. L. (Ter. Ed.) c. 60, § 61, as amended. . . . I find as a fact in this case, not only as to the matter of forms used but as to all the proceedings of the collector discussed herein, that there was no error or irregularity of the collector which was either substantial or misleading. . . . I rule, therefore . . . that the respondents' contention that none of the certifications for the years 1932 to 1938 inclusive are adequate because they were not made on a form prescribed by the commissioner of corporations . . . is unsound."

*M. H. Sullivan*, (*J. F. Sullivan* with him,) for the respondents.

*S. S. Dennis*, Assistant Corporation Counsel, (*R. H. Hopkins & M. Corman*, Assistant Corporation Counsel, with him,) for the petitioner.

LUMMUS, J. This is a petition to the Land Court under G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12, and St. 1938, c. 305, by the holder of a tax title, for the foreclosure of all rights of redemption. The respondents answered, as provided in G. L. (Ter. Ed.) c. 60, § 68, as amended by St. 1935, c. 224, § 3; c. 354, § 1; and c. 414, § 3, making no question of the validity of the tax title but seeking to redeem. The petitioner acquired its tax title on June 7, 1933, at a tax sale for nonpayment of the taxes for 1931.

The facts appear in a document entitled "Decision," filed by the judge. The questions raised relate solely to the amount to be paid upon redemption. The price paid for the tax title was $1,165.58. The decision, made on January 24, 1941, deals mainly with the subsequent taxes assessed in the years 1932 to 1939, inclusive. The judge allowed redemption upon payment of the purchase price, with interest, costs and charges, and the annual taxes for the years 1935 to 1939, inclusive, with interest, costs and charges, and costs in the Land Court. He declined to require the respondents to pay the taxes for the years 1932, 1933 and 1934, on the ground that although they had been certified by the collector to the treasurer as required by the statute, they had not been so certified on or before September first of the year in which certification was required. Both parties appealed to this court.

Prior to 1915 an owner of land taken by, or sold to, a municipality, or sold to a private purchaser, for nonpayment of taxes, had two years in which to redeem by payment or tender. If he did not redeem, the tax title became absolute. St. 1909, c. 490, Part II, §§ 59–70. Under that system a strict compliance with the statutes was held essential to the validity of a tax title. *Charland* v. *Home for Aged Women*, 204 Mass. 563, 567. *Shurtleff* v. *Potter*, 206 Mass. 286. Nevertheless much hardship to landowners resulted.

By St. 1915, c. 237, the system was changed. The right to redeem was made to continue until foreclosed by decree of court upon a petition filed after the expiration of two years. By § 7, after such a petition, any person claiming an interest in the land might answer, offering to redeem, and the court might allow redemption. If there was no redemption, a decree might be entered that would "forever bar all rights of redemption." § 8. That statute, slightly amended, became G. L. (Ter. Ed.) c. 60, §§ 64–75. Later amendments do not change the general nature of the system. Because of its more liberal and equitable provisions for redemption, as compared with the earlier system, the statute of 1915 provided in § 17 that "No tax title shall be held to be invalid by reason of any errors or irregularities

in the proceedings of the collector which are neither substantial nor misleading." G. L. (Ter. Ed.) c. 60, § 37, as amended by St. 1941, c. 84, and as appearing in St. 1943, c. 478, § 1. *Lynn* v. *Lynn Commercial Realty Co.* 286 Mass. 368. *Fall River* v. *Conanicut Mills*, 294 Mass. 98. *Boston* v. *Lynch*, 304 Mass. 272, 275. *Marlborough* v. *Poorvu*, 305 Mass. 124. *Boston* v. *Boston Port Development Co.* 308 Mass. 72. *Lenox* v. *Oglesby*, 311 Mass. 269.

In 1918, in the case of *Chadwick* v. *Cambridge*, 230 Mass. 580, it was held that a city or town purchasing or taking land for nonpayment of taxes took title subject to the paramount lien for taxes subsequently assessed and subject to any tax title subsequently acquired upon a sale for nonpayment of such taxes. The Legislature then enacted St. 1919, c. 263, which provided that in such case the city or town need not sell for nonpayment of taxes subsequently assessed, but that on redemption payment of such subsequent taxes shall be "made a part of the terms of redemption." That statute became G. L. (Ter. Ed.) c. 60, § 61. By St. 1933, c. 325, § 9, the following words were added: "except that if any of the said subsequent taxes have not been certified by the collector to the treasurer to be added to the tax title account, then redemption may be made by payment only of the amount of the tax for which the estate was purchased or taken and of such subsequent taxes as shall have been so certified, together with costs and interest." Plainly certification at some time was made essential to the collection on redemption of a subsequent tax.

The statute of 1933 continued as follows: "The collector shall certify to the treasurer on September first of the year following that of their assessment all subsequent taxes which become part of the terms of redemption and the treasurer shall give him a certificate stating that the amount or amounts have been added to the tax title account or accounts and the collector shall be credited as if the tax had been paid in money." By St. 1934, c. 48, the foregoing words, "on September first," were made to read, "not later than September first." A further amendment by St. 1936, c. 93, § 1, is immaterial.

Under that statute, G. L. (Ter. Ed.) c. 60, § 61, as amended, a sale for nonpayment of such subsequent taxes cannot be made, but satisfaction of such taxes must be obtained on redemption or else by enforcing a personal liability. *Landers* v. *Boston,* 267 Mass. 17. *Boston* v. *Jenney,* 282 Mass. 168. *Snow* v. *Marlborough,* 301 Mass. 422. See also *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 655, 656.

In *Boston* v. *Cable,* 306 Mass. 124, it was held that unless the collector certified to the treasurer a subsequent tax within the time specified, the city or town is not entitled to payment of it upon redemption. After that decision, G. L. (Ter. Ed.) c. 60, § 37, was amended so as to read, "No tax title and no item included in a tax title account shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading, whether such error or irregularity occurs in the proceedings of the collector or the assessors or in the proceedings of any other official or officials charged with duties in connection with the establishment of such tax title or the inclusion of such item in the tax title account." St. 1941, c. 84; St. 1943, c. 478, § 1. Those amending statutes were enacted after the present case arose.

We are asked to re-examine the law laid down in the *Cable* case, and to hold the requirement of certification "not later than September first" to be merely directory. Until redemption or foreclosure is sought, the taxpayer has little or no concern with the question in which office the amount of subsequent taxes is to be ascertained. Before the amendment of 1934, a single day was provided for certification. It is hard to believe that the Legislature intended to stake the collectibility on redemption of many thousands of dollars of taxes upon the chance that a collector, with his manifold duties and perhaps with inadequate assistance, would succeed in certifying all taxes within the limits of the office hours of a single day. Though the present statute gives him more freedom, its nature and purpose remain the same.

The treasurer of a municipality is the custodian of tax

deeds and instruments of taking. G. L. (Ter. Ed.) c. 60, § 50, as amended. He, rather than the collector, receives payment on redemption, and releases the tax title. § 62, as amended. The statute was changed by St. 1928, c. 10, so as to make inapplicable the case of *Hodsdon* v. *Weinstein,* 251 Mass. 440. He, rather than the collector, brings a petition for foreclosure. § 50, as amended. The collector is credited with the tax for which land is taken by the municipality or sold to it, and also upon certification in accordance with § 61, as amended, with "the amount of subsequent taxes which have become part of the terms of redemption in any tax title held by the town." § 95, as amended by St. 1933, c. 325, § 17. Later amendments are either immaterial or mere restatements. The books for each parcel held by the town, showing an account of subsequent taxes due, may be kept by the treasurer "or otherwise," and accordingly may be kept by the collector, as was done in Boston.

The purpose of requiring certification on or before a particular day is, we think, to fix a time when the responsibility of the collector ends and that of the treasurer begins. With that matter a taxpayer has little or no concern. His interests are sufficiently protected by the provision that on redemption he need not pay subsequent taxes that have never been certified.

In the *Cable* case reliance was placed upon the indisputable fact that the statutory language as to the time of certification is mandatory rather than permissive. *Brennan* v. *Election Commissioners of Boston,* 310 Mass. 784. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 646, 647. That seems to us beside the point. In this connection the word "mandatory" has been used ambiguously and misleadingly, at times as opposed to "permissive," and at other times as opposed to "directory." The real question is whether the Legislature intended that there should be read into the statute an unexpressed provision that if certification should not be timely, the tax should be uncollectible on redemption. *Beckford* v. *Needham,* 199 Mass. 369, 370, 371. In the decisions relied on in the *Cable* case, the statutory requirement was intended for the bene-

fit of persons standing in the position of the party relying upon it. Here the statutory requirement is merely a regulation of departmental relations within the municipal government. The words "so certified" in the provision for payment, upon redemption, of subsequent taxes, relied on in the *Cable* case, do not refer to the time of certification, for that time first appears later in the statute. A statute "imperative in phrase," prescribing the time or manner of performance by a public or corporate officer of an act not intended for the benefit of a person in the position of the party attacking its validity, is ordinarily construed as a merely directory provision for the orderly and convenient conduct of business, and compliance with it is not a condition of the validity of the act.[1]

We think that the statutory provision fixing the time for certification is merely directory, and that compliance with it is not essential to the validity of certification. The rigidity of the *Cable* case ill comports with the liberal trend of statutes and decisions that began with St. 1915, c. 237. The case of *Boston v. Cable*, 306 Mass. 124, is now overruled.

The respondents contend that the form of certification for most of the years subsequent to 1931 was such as to destroy its validity. Before St. 1933, c. 168, § 3, forms were prescribed for use in proceedings for the collection of taxes, and if "substantially followed" they were to be "deemed sufficient," though "other suitable forms" might

---

[1] *Cheney* v. *Coughlin*, 201 Mass. 204, 211, and cases cited. *Commonwealth* v. *Boston & Lowell Railroad*, 12 Cush. 254, 255. *Whittier* v. *Way*, 6 Allen, 288, 291, 292. *Field* v. *Gooding*, 106 Mass. 310, 313. *Kelso* v. *Boston*, 120 Mass. 297, 299. *Fanning* v. *Commonwealth*, 120 Mass. 388. *Westhampton* v. *Searle*, 127 Mass. 502, 506, 507. *Hicks* v. *Westport*, 130 Mass. 478, 479. *Noyes* v. *Hale*, 137 Mass. 266, 270, 271. *Dickinson* v. *City Council of Worcester*, 138 Mass. 555, 560, 561. *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292. *Bemis* v. *Caldwell*, 143 Mass. 299. *Lowell* v. *County Commissioners of Middlesex*, 152 Mass. 372, 386. *Russell* v. *Wellington*, 157 Mass. 100, 105. *Clemens Electrical Manuf. Co.* v. *Walton*, 168 Mass. 304. *Roberts* v. *Welsh*, 192 Mass. 278, 280. *Beckford* v. *Needham*, 199 Mass. 369. *Rutter* v. *White*, 204 Mass. 59. *Pevey* v. *Aylward*, 205 Mass. 102, 103. *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 69, 70. *Commonwealth* v. *Mekelburg*, 235 Mass. 383, 385. *Trustees of Andover Seminary* v. *Visitors*, 253 Mass. 256, 280. *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, 127. *Commonwealth* v. *Kossowan*, 265 Mass. 436, 438. *Ellis* v. *Lyford*, 270 Mass. 96, 100. *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 249. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276, et seq. *Clancy* v. *Wallace*, 288 Mass. 557, 565, 566. *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 100.

be used. G. L. (Ter. Ed.) c. 60, § 105. No form of certificate from the collector to the treasurer was prescribed. By St. 1933, c. 168, § 3, that section was amended to provide that "forms to be used in proceedings for the collection of taxes under this chapter . . . shall be as prescribed by the commissioner [of corporations and taxation]." See now St. 1941, c. 258, § 4. It appears that at the time of the certifications in question the commissioner of corporations and taxation had not prescribed any form for certification. It cannot be thought that the Legislature intended that all subsequent taxes on land taken or purchased by a municipality for unpaid taxes should become difficult to collect because of failure to use a prescribed form of certification. The statutory direction, like the fixing of time for certification already discussed, appears to us merely directory. No error as to this matter appears. Cases relating to the abatement of taxes, holding that there is no jurisdiction to entertain an application for an abatement not filed in season or not written on the prescribed form, are not in point. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489. *Old Colony Railroad* v. *Assessors of Quincy,* 305 Mass. 509.

No other question is open on this record. The decision of the Land Court is reversed. The payment not only of the tax sale price, with interest, costs and charges, but also of all the subsequent taxes for the years 1932 to 1939, inclusive, with interest, costs and charges, is to be made part of the terms of redemption. The matter of payment of the taxes of still later years is to be decided by the Land Court. The petitioner is to have costs in the Land Court, and also costs of this appeal.

*So ordered.*