CITY OF CHELSEA *vs.* RICHARD T. GREEN COMPANY (and a companion case between the same parties).

Suffolk.    February 5, 1945. — March 29, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Taxation*, Real estate tax: redemption, certification. *Supreme Judicial Court*, Overruled decision.

Redemption by a landowner from a tax title, allowed in a proceeding in the Land Court by a city to foreclose the right of redemption, should include payment by the landowner of a tax, a certification of which under G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1934, c. 48, although made later than September 1 of the year following the year of assessment and after the commencement of the foreclosure proceeding, was made before the hearing in such proceeding and at a time when the landowner had not made any tender in redemption and while he was contesting the validity of the tax title and was seeking to redeem only in the event that the tax title should be determined to be valid.

A decision of this court overruling a previous decision does not change the law, but merely decides what has been the law notwithstanding the previous decision.

A certification of a tax under G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1934, c. 48, made after the decision in *Boston* v. *Cable*, 306 Mass. 124, and before the decision in *Boston* v. *Barry*, 315 Mass. 572, overruling the *Cable* case, was effectual if seasonably made according to the doctrine of the *Barry* case, even though made too late according to the doctrine of the *Cable* case.

PETITIONS, filed in the Land Court on April 29, 1940.

.The cases were heard by *Fenton*, J., who ruled "that the so called certifications of taxes for the years 1933 to 1939, both inclusive . . . have no force and effect and are a nullity; and the fact that the time of certification was ruled as directory in the *Barry* case does not make them valid"; and "that the respondent may redeem upon the payment of the original sum in the tax deed about which no question has been raised, plus the costs and charges including interest, together with the subsequent taxes, costs, and charges including interest for the years 1940, 1941, 1942, and 1943." The petitioner appealed.

*J. Israelite*, City Solicitor, for the petitioner.

*G. K. Gardner*, (*J. S. Mechem* with him,) for the respondent.

LUMMUS, J. These are petitions to the Land Court under G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12, and St. 1938, c. 305, by the city as holder of tax titles, for the foreclosure of all rights of redemption in two parcels of registered land. *Boston* v. *De Grasse*, 317 Mass. 523. Both parcels were taken on October 1, 1934, for the nonpayment of the taxes of 1932. The validity of the takings, though at first contested, is now conceded, and the only question relates to the payment of taxes for the years 1933 to 1940, inclusive, as one of the terms of redemption.

The petitioner introduced evidence tending to show that its tax collector, before September 1 of the year following the year of assessment, certified to himself as city treasurer the taxes for the years 1934 to 1939, inclusive, as provided in G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1933, c. 325, § 9, and St. 1934, c. 48, and as to the taxes for the year 1933 that such certification was duly made on October 26, 1934. The judge found, on the contrary, that no certifications had been made until the latter part of 1940, after the decision in *Boston* v. *Cable*, 306 Mass. 124, and that then they were dated back so as to make them appear in conformity with that decision. The certification of the taxes for the year 1940 was made on November 1, 1940, when it would be lawful under that decision.

On March 1, 1944, in the case of *Boston* v. *Barry*, 315 Mass. 572, this court overruled the *Cable* case, and held that the statutory requirement of certification on or before a specified date was merely directory. In the present cases certification actually took place a few months after the petitions were filed in the Land Court, and before they had been heard. No tender of any sum in redemption had been made, the respondent was contesting the validity of the takings, and no suggestion of redemption had been made except that in its answer the respondent declared that "if the court finds in favor of the validity of said tax lien, the said respondent asks leave to redeem said land from the said lien upon such terms as may be fixed by the court, and requests the court to determine the amount due." Evidently there was to be no redemption until by final decision the validity of the tax takings had been determined. We think that the certifications made in the latter part of 1940 were not too late under the doctrine of *Boston* v. *Barry.* Whether under other circumstances a time limit short of the final decision could be set, is not before us. We need not consider the cases of *Commonwealth Investment Co.* v. *Brookline*, 268 Mass. 32, *New England Southern Corp.* v. *Assessors of Lowell*, 1 B. T. A. (Mass.) 542, and *United States* v. *Five Acres of Land*, 51 Fed. Sup. 117.

The judge was in error in holding that certifications dated back for the purpose of appearing to comply with the *Cable* case were invalid. The rights of the city could not be impaired by the motives of an independent public officer. The *Barry* case did not change the law. It merely decided what had been the law all the time, even during the period when the *Cable* case was thought to state the law. *Fleming* v. *Fleming*, 264 U. S. 29, 31, 32. See also *Great Northern Railway* v. *Sunburst Oil & Refining Co.* 287 U. S. 358, 364–366; *Stockholders of the Peoples Banking Co.* v. *Sterling*, 300 U. S. 175, 182.

The decision of the Land Court in each case is reversed. The decree in each case is to make one of the terms of redemption the payment of all certified taxes subsequent to those of the year 1932, with costs and interest.

*So ordered.*