HAROLD T. DAVIS & another,[1] trustees, *vs.* COMMISSIONER OF REVENUE & others.[2]  January 5, 1984.  *Taxation,* Inheritance tax.  *Charity.  Constitutional Law,* Taxation, Equal protection of laws.  *Practice, Civil,* Retroactive effect of judicial decision.

The plaintiffs, trustees under the will of Thomas K. Cory, brought an action for abatement of an inheritance tax, instructions, and declaratory relief.  G. L. c. 65, § 27.  They contest the imposition of inheritance taxes on a bequest to the Trustees of Dartmouth College, an out-of-State charitable corporation.  A judge of the Probate and Family Court reserved and reported the case to the Appeals Court.  We allowed the plaintiffs' application for direct appellate review.  We conclude that the tax should be abated.

Cory died in 1925.  His will established a trust, to terminate upon the expiration of certain life interests, the trust estate then to be divided equally between the Trustees of Dartmouth College and the Children's Hospital Medical Center.  Children's Hospital Medical Center is a charitable corporation organized under the laws of the Commonwealth.  Trustees of Dartmouth College is a charitable corporation organized under the laws of New Hampshire.

By judgment entered April 27, 1979, the trust was partially terminated.  The trustees were ordered to retain certain assets during the life of the sole surviving life beneficiary and to distribute the balance of the trust assets to the remainder beneficiaries.  The Commissioner of Revenue assessed inheritance taxes with respect to the property passing to the Trustees of Dartmouth College pursuant to the judgment.  See G. L. c. 65, § 1.

---

[1] Lewis H. Parks.

[2] The Children's Hospital Medical Center, the Trustees of Dartmouth College, and the Attorney General of the Commonwealth.

The parties agree that taxation of the bequest to the Trustees of Dartmouth College is governed by the statute in effect on the date of Cory's death. See *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxation,* 343 Mass. 613, 616-621 (1962). At the time of Cory's death, the inheritance tax statute provided an exemption for property passing to charitable institutions, "the property of which is by the laws of the commonwealth exempt from taxation." G. L. c. 65, § 1 (as amended through St. 1922, c. 403, § 1). The quoted phrase means exempt under G. L. c. 59, § 5, Third. *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxation,* 331 Mass. 329, 333 (1954). *Parkhurst* v. *Treasurer & Receiver Gen.,* 228 Mass. 196, 198 (1917). The latter provision exempts, and at the time of Cory's death exempted, only the property of charitable corporations incorporated in the Commonwealth.

However, in *Mary C. Wheeler School, Inc.* v. *Assessors of Seekonk,* 368 Mass. 344 (1975), we held that the limitation of the G. L. c. 59, § 5, Third, exemption to domestic corporations violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. That constitutional precedent is applicable to cases that come before us in the regular course of decision. See *Commonwealth* v. *Horton,* 365 Mass. 164, 172 (1974); *Commonwealth* v. *Spofford,* 343 Mass. 703, 707 (1962). See also cases applying newly announced common law rules in similar cases not finally disposed of by judgment, settlement, or the expiration of the limitations period, e.g., *Schrottman* v. *Barnicle,* 386 Mass. 627, 630-638 (1982); *Pevoski* v. *Pevoski,* 371 Mass. 358, 361-362 (1976); *Bouchard* v. *DeGagne,* 368 Mass. 45 (1975); *Chelsea* v. *Richard T. Green Co.,* 318 Mass. 85, 87 (1945).

The limitation of the exemption to domestic corporations is invalid under the equal protection clause and thus, for the purposes of this case, the limitation may not be enforced. Hence, the bequest to the Trustees of Dartmouth College is not taxable.

Any tax paid by the plaintiffs with respect to property passing to the Trustees of Dartmouth College must be abated. Further proceedings in this case shall be consistent with this opinion and with the provisions of G. L. c. 65, § 27.

*So ordered.*

*Mary K. Ryan (Thomas P. Jalkut* with her) for the plaintiffs.

*Thomas A. Barnico,* Assistant Attorney General, for Commissioner of Revenue & another.

*William N. Swift (Regina S. Rockefeller* with him) for Children's Hospital Medical Center.

*John Barr Dolan* for Trustees of Dartmouth College.