HERITAGE BANK FOR SAVINGS *vs*. HAROLD A. DORAN
(and a companion case).
MIDDLESEX SAVINGS BANK *vs*. WALTER L. VAIL
(and a companion case[1]).

Franklin. Middlesex.   March 5, 1987. — May 12, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation,* Withholding from wages, Tax lien. *Lien.*

On appeals by the Commissioner of Revenue from judgments for the United
States in two cases arising out of corporations' failing to pay certain
withholding taxes due the Commonwealth and the United States in which
the Commissioner challenged rulings that, in attempting to collect the
corporations' withholding tax liabilities from two individuals as "respon-
sible officers" under a duty to collect and pay those taxes, the Common-
wealth had not properly established tax liens against those individuals,
it was held that neither express nor implied statutory authority supported
the Commonwealth's theory that assessments were deemed to be made
against the responsible officers when the assessments were made against
the corporations where, since the corporate officers were not taxpayers
required by G. L. c. 62C, § 10, to file returns and thus provide self-as-
sessment from which the "deemed assessments," as defined in c. 62C,
§ 26(*a*), could be based, their liability could not be deemed to arise
from information required to be shown on the face of the corporate tax
returns. [859-861]
On appeals by the Commissioner of Revenue from judgments for the United
States in two cases arising out of corporations' failing to pay certain
withholding taxes due the Commonwealth and the United States in
which the Commissioner challenged rulings that, in attempting to
collect the corporations' withholding tax liabilities from two individu-
als as "responsible officers" under a duty to collect and pay those
taxes, the Commonwealth had not properly established tax liens
against the individuals, there was no merit to the Commonwealth's
contention that, even if no assessments were "deemed" to have been
made in accordance with G. L. c. 62C, §§ 10, 26(*a*), against the

---

[1] These appeals involve only the defendants in the two companion
cases, the Commissioner of Revenue for the Commonwealth of Massachu-
setts, and the United States of America.

corporate officers, the Commonwealth's demand and the officers' refusal to pay the corporations' taxes alone were sufficient to create a valid tax lien in favor of the Commonwealth as to each under c. 62C, § 50. [861-862]

On appeals by the Commissioner of Revenue from judgments for the United States in two cases arising out of corporations' failing to pay certain withholding taxes due the Commonwealth and the United States in which the Commissioner challenged rulings that, in attempting to collect the corporations' withholding tax liabilities from two individuals as "responsible officers" under a duty to collect and pay those taxes, the Commonwealth had not properly established tax liens against the individuals, it was held that, since the officers never were personally assessed by the Commonwealth in accordance with the applicable provisions of G. L. c. 62C and no lien could arise without an assessment, the Commonwealth did not have valid tax liens against the two corporate officers. [862]

CIVIL ACTION commenced in the Superior Court Department on July 21, 1983.

The case was heard by *John F. Murphy, Jr.*, J., on motions for summary judgment.

CIVIL ACTION commenced in the Superior Court Department on November 18, 1983.

The case was considered, on a statement of agreed facts, by *Edward M. Ginsburg*, J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the cases from the Appeals Court.

*Stephen S. Ostrach,* Special Assistant Attorney General, for the Commissioner of Revenue.

*John J. Boyle* of the District of Columbia, Attorney, Department of Justice, for the United States.

LYNCH, J. The Commissioner of Revenue for the Commonwealth of Massachusetts appeals from judgments for the United States entered in the Superior Court in Franklin County and the Superior Court in Middlesex County in two cases on the basis of rulings that the Commonwealth had not properly established tax liens against the respective defendants, Harold A. Doran and Walter L. Vail.[2] In both cases corporations failed

---

[2] Both cases were originally multi-party interpleader actions brought by stakeholder banks holding surplus proceeds from the foreclosure and sale

to pay certain withholding taxes due the Commonwealth and the United States. After making assessments against the corporations both the Commonwealth and the United States attempted to collect the corporation withholding tax liabilities from Doran and Vail as "responsible officers," i.e., corporate officials under a duty to collect and pay a corporation's withholding taxes. In both cases the Commissioner made tax assessments against the corporations but failed to make personal assessments against Doran and Vail. The United States, in addition to making tax assessments against the corporations, made penalty assessments against Doran and Vail as the "responsible officer" in each corporation. See 26 U.S.C. § 6672 (1984 ed.).[3]

The Superior Court held that the Commonwealth failed to establish its tax lien against either Doran or Vail because the Commissioner, while making tax assessments against the respective corporations, failed to make personal assessments against either individual determined to be the "responsible officer." Accordingly, both judges in the Superior Court granted summary judgment in favor of the United States by virtue of Federal tax liens which arose pursuant to the penalty assessments made against Doran and Vail. We took the two cases on our own motion. We affirm.

*Heritage case.* The Heritage case involves competing State and Federal tax liens against Harold A. Doran. Doran was an officer of Doran, Inc. of Millers Falls, and he signed corporate withholding and sales tax returns for the corporation. From January, 1979, through January, 1981, Doran, Inc., failed to collect and pay over withholding and sales taxes due to the

of property held by Doran and Vail. Subsequent to the docketing of the two appeals, the Commonwealth moved that they be consolidated. The Appeals Court did not formally consolidate the cases, but permitted the Commonwealth to file a single brief covering both appeals.

[3] Title 26 U.S.C. § 6672 (1984 ed.), provides in pertinent part: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Commonwealth. The Commissioner determined that Doran "was the officer responsible to withhold and pay over sales and withholding taxes" to the Commonwealth.[4] In June, 1981, the Commissioner notified Doran that, pursuant to G. L. c. 62B, § 5 (1984 ed.), he was personally liable for the taxes owed by Doran, Inc., and demanded payment. On July 9, 1981, the Commissioner recorded notices of tax liens with the Franklin County registry of deeds.

On April 12, 1982, the United States assessed Doran, Inc., for unpaid withholding and Social Security taxes for periods in 1979 and 1980, and it also issued a penalty assessment against Doran personally for his failure to collect and pay over the taxes owed by Doran, Inc. On July 23, 1982, the United States recorded a notice of tax lien against Doran with the Franklin County registry of deeds.

The Heritage litigation involves an interpleader action under Mass. R. Civ. P. 22, 365 Mass. 767 (1974), filed by Heritage Bank for Savings seeking a determination as to the disposition of a surplus left after Heritage foreclosed on a mortgage held by Doran.

*The Middlesex case.* The Middlesex case involves State and Federal tax liens filed against Walter L. Vail, who was the president of Vail-Kenrick, Inc. Vail-Kenrick failed to pay withholding taxes for periods from August, 1980, through July, 1981. Assessments by the Commonwealth against the corporation were made between February and October, 1981. The Commissioner determined that Vail was the responsible officer.[5] On November 1, 1982, Vail was notified of his liability for Vail-Kenrick's State taxes under G. L. c. 62B, § 5, and payment was demanded. On December 28, 1982, the Commissioner recorded a tax lien against Vail in the Middlesex County registry of deeds.

The United States assessed Vail-Kenrick for unpaid withholding taxes on September 6, 1982, and on that date also

---

[4] The Commissioner's determination as to Doran's status as a responsible party is not challenged.

[5] The Commissioner's determination is not challenged.

imposed a penalty assessment against Vail for failure to pay the corporation's taxes. On December 14, 1982, the United States recorded a tax lien against Vail in the Middlesex County registry of deeds.[6] Middlesex Savings Bank filed an interpleader action in November, 1983, to effect the disposition of a surplus which Middlesex Savings held after foreclosing on a mortgage held in part by Vail.

The Commonwealth maintains that it possesses valid tax liens against Doran and Vail based upon the assessments against Doran, Inc., and Vail-Kenrick, Inc. The Commonwealth concedes that no separate personal assessments were made by the Commonwealth against either individual. Instead, it argues that the assessments made against the respective corporations establish a basis for its liens on the theory that assessments made against the corporations were "deemed" to be assessments against the responsible officers of the corporations. In our view, there is neither express nor implied statutory authority supporting the Commonwealth's theory that the assessment of a corporation's liability for unpaid withholding taxes operates as a deemed assessment against individual corporate officers.

1. General Laws c. 62B, § 2, creates an obligation on the part of an employer to deduct and withhold taxes on wages.[7] Where an employer fails to withhold and pay over the required taxes, G. L. c. 62B, § 5, provides for personal liability against the corporate employer and certain other persons as follows: "Every employer who fails to withhold or pay to the commissioner any sums required by this chapter to be withheld or paid shall be personally and individually liable therefor to the commonwealth. The term 'employer', as used in this paragraph and in section eleven, includes an officer or employee of a

---

[6] Under the view that we take of the case nothing turns on the fact that the State lien was recorded before the Federal lien in the Heritage case and the Federal lien before the State lien in the Middlesex case.

[7] General Laws c. 62B, § 2, provides in relevant part: "Every employer making payment to employees . . . of wages subject to tax under chapter sixty-two shall deduct and withhold a tax upon such wages in accordance with tables prepared by the commissioner which tax so withheld shall be substantially equivalent to the tax imposed by said chapter sixty-two."

corporation, . . . who as such officer, employee or member is under a duty to withhold and pay over taxes in accordance with this section and section two." Although § 5 provides for personal liability against a responsible officer, G. L. c. 62B, § 6, provides for an assessment of the tax liability only against the employer: "In the event an employer fails to withhold and pay over to the commissioner any amount required to be withheld under section two, such amount shall be assessed against such employer, under the provisions of sections twenty-six and twenty-nine inclusive, of chapter sixty-two C."

A tax liability does not rise to a lien status unless expressly provided for by statute. See *Boston* v. *Barry,* 315 Mass. 572, 578 (1944); *Boston* v. *Cable,* 306 Mass. 124, 126 (1940). A lien for taxes under Massachusetts law is established by G. L. c. 62C, § 50(*a*), which provides as follows: "(*a*) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount, including any interest, additional amount, addition to tax, assessable penalty or forfeiture, together with any costs that may accrue in addition thereto, shall be a lien in favor of the commonwealth upon all property and rights to property, whether real or personal, belonging to such person. *The lien shall arise at the time the assessment is made or deemed to be made* and shall continue until the liability for the amount assessed or deemed to be assessed is satisfied. Said lien shall in any event terminate not later than six years from the date it was created." (Emphasis added.) A "deemed assessment" is defined in G. L. c. 62C, § 26(*a*).[8] In defining deemed assessments, § 26(*a*) relies on the filing of a tax return; the deemed assessment being based on the self-assessment that a taxpayer provides when a return is filed. Here, only the corporation is required to file a tax return. G. L. c. 62C, § 10. Therefore, the only assessment that flows from the tax return would be against the corporation.

[8] General Laws c. 62C, § 26(*a*), states: "(a) Taxes shall be deemed to be assessed at the amount shown as the tax due upon any return filed under the provisions of this chapter and on any amendment, correction or supplement thereof, or at the amount properly due, whichever is less, and at the time when the return is filed or required to be filed, whichever occurs later."

Because the corporate officers were not taxpayers required to file a return and thus provide a self-assessment, their liability could not be "deemed" to arise from information required to be shown on the face of the corporate tax returns. This accords with the treatment of assessments in G. L. c. 62B, § 6, which specifically provides for assessment of tax liability only against the employer, even though G. L. c. 62B, § 5, provides for personal liability against the responsible corporate officer.

We also note G. L. c. 62C, § 31A (1985 Ann. Supp.), which the Commonwealth maintains "clarifies" the law regarding the personal liability of responsible officers.[9] Section 31A, which empowers the Commonwealth to impose a lien against a responsible officer, does not support the Commonwealth's position that an assessment is deemed to be made against the responsible officer when an assessment is made against the corporation. While § 31A expressly provides that the liability of the corporation "shall be deemed to be assessed" against the responsible officer, the deemed assessment as contemplated by the statute does not arise until thirty days from the date that the Commonwealth notifies a liable individual that an assessment against the corporation remains in existence and the taxes remain unpaid.

2. Alternatively, the Commonwealth contends that, even if no assessments were deemed to have been made as to Doran or Vail, the Commonwealth's failure to make formal assessments against them is not fatal to the creation of a tax lien under Massachusetts law. The Commonwealth's principal argument in this regard is that, under the Massachusetts tax lien statute, G. L. c. 62C, § 50, demand and refusal alone are sufficient to create a lien in favor of the Commonwealth. Therefore, the Commonwealth concludes that, since demand was made on both Doran and Vail, and both refused to pay the corporation's taxes, a valid tax lien was established in favor of the Commonwealth as to each individual. We disagree.

---

[9] General Laws c. 62C, § 31A, became effective after the relevant dates of the instant appeals. See St. 1985, c. 593, § 17, effective December 18, 1985; St. 1986, c. 488, § 65.

As noted above, G. L. c. 62C, § 50(*a*), specifically provides that "[t]he lien shall arise at the time the assessment is made or deemed to be made and shall continue until the liability for the amount assessed or deemed to be assessed is satisfied." Implicit in this language is the requirement that an assessment or deemed assessment be made in order to give rise to a valid Massachusetts tax lien. Here, the Commonwealth concedes that no separate personal assessments were made against Doran or Vail and, we have concluded that no assessments were deemed to have been made against them. Accordingly, since Doran and Vail never were assessed and no lien arises without an assessment, it follows that the Commonwealth does not have any lien against those individuals. See *Coson* v. *United States,* 169 F. Supp. 671, 676 (S.D. Cal. 1958), modified on other grounds, 286 F.2d 453 (9th Cir. 1961) (interpreting Federal tax lien statutes).

*Judgments affirmed.*