**In re Michael VALLIS, Debtor.**

**Bankruptcy No. 87–10264–CJK.**

United States District Court,
D. Massachusetts.

Feb. 15, 1989.

Bernard P. Rome, Boston, Mass., for debtor.

Jeffrey Ogilvie, Com. of Massachusetts, Dept. of Revenue, Legal Bureau, Cambridge, Mass., for the Com.

## ORDER

MAZZONE, District Judge.

After review of the careful and thoughtful analysis contained in the Memorandum, September 8, 1988, I adopt the report and recommendation and ALLOW the motion to abstain.

## MEMORANDUM

JAMES M. GABRIEL, Chief Judge.

The matter before the Court is the Debtor's objection to the proof of claim of the Commonwealth of Massachusetts, Department of Revenue (the "Commonwealth"). The Debtor filed a Chapter 13 petition on February 23, 1987. On May 26, 1987, the Commonwealth filed a proof of claim in the amount of $142,884.83. The Debtor by letter date stamped by the Court on August 28, 1987 objected to the Commonwealth's proof of claim on the grounds that the Commonwealth had not assessed any tax liability against the Debtor individually and that most of the Commonwealth's claims were barred by the six year statute of limitations set forth in Mass.Gen.Laws Ann. ch. 260, § 2.

On January 29, 1988, the Commonwealth moved for summary judgment on its claim. In its pleading, which was coupled with the affidavit of John Giamattei, a Senior Tax Examiner for the Department of Revenue, it set forth a claim for $214,564.47 against the Debtor as a responsible officer of Aegean Fare, Inc., a corporation that filed for protection under Chapter 11 of the Bankruptcy Code on October 4, 1983. In its memorandum in support of its motion for summary judgment filed on May 24, 1988, the Commonwealth waived its claim for interest and penalties. It now seeks $116,076.23.

## DISCUSSION

Michael Vallis formerly held the offices of clerk and treasurer of Aegean Fare, Inc. He also was a 50% shareholder. The Commonwealth seeks to collect from him taxes on the sale of food imposed upon vendors pursuant to Mass.Gen.Laws Ann. ch. 64H, § 6(f) (the "meals tax") and taxes on wages paid to employees which the employer is required to deduct and pay over to the Department of Revenue pursuant to Mass.Gen.Laws Ann. ch. 62B, § 2 (the "withholding tax"). The liability that the Commonwealth seeks to impose on the Debtor as "a responsible person" is based upon tax returns filed by Aegean Fare, Inc. without payment of the taxes due on the return. Additionally, as a result of a tax audit of Aegean Fare, Inc., the Commonwealth also seeks to collect from the Debtor additional meals tax that it assessed against Aegean Fare, Inc. in April and May of 1981.

Massachusetts statutes imposing personal liability for unpaid corporate withholding and meals taxes define who is a "responsible person." Section 5 of ch. 62B provides:

> Every employer who fails to withhold or pay to the commissioner any sums required by this chapter to be withheld or paid shall be personally and individually liable therefor to the commonwealth. The term "employer", as used in this paragraph and in section eleven, includes

an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to withhold and pay over taxes in accordance with this section and section two. Any sum or sums withheld in accordance with the provisions of section two shall be deemed to be held in trust for the commonwealth.

Mass.Gen.Laws Ann. ch. 62B, § 5.

Likewise, section 16 of ch. 64H provides: Every person who fails to pay to the commissioner any sums required by this chapter shall be personally and individually liable therefor to the commonwealth. The term "person", as used in this section, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to pay over the taxes imposed by this chapter.

Mass.Gen.Laws Ann. ch. 64H, § 16.

However, the Commonwealth has never made an assessment against Michael Vallis personally, and no tax lien has ever been created against him personally on account of Aegean Fare's unpaid meals and withholding taxes. The assessment against Aegean Fare, Inc. is not equivalent to an assessment against the Debtor because the corporation and the "responsible person" are separate legal entities. *Heritage Bank for Savings v. Doran*, 399 Mass. 855, 507 N.E.2d 690 (1987). Absent an assessment against the responsible party, the tax liability cannot rise to lien status. *Id.*

The Commonwealth argues that immediately before the Debtor's Chapter 13 filing, it had the right pursuant to Mass.Gen. Laws Ann. ch. 62C, § 31A to make an assessment against the Debtor for all unpaid Aegean Fare meals and withholding taxes, the collection of which was not barred by the statute of limitations. Section 31A provides:

If a person fails to pay to the commissioner any required tax of a corporation or partnership and such person is personally and individually liable therefor to the commonwealth under section five of chapter sixty-two B, section seven B of chapter sixty-four G, section sixteen of chapter sixty-four H or section seventeen of chapter sixty-four I, the commissioner shall so *notify such person in writing at any time during the period of time that such assessment against the corporation or partnership remains in existence and unpaid.* Such person or his representative may confer with the commissioner or his duly authorized representative as to the assessment of the tax or the proposed determination that he is personally and individually liable therefor within thirty days from the date of such notification. After the expiration of thirty days from the date of such notification, such person shall be personally and individually liable for the tax of the corporation or partnership, which shall be deemed to be assessed against such person, and a lien under section fifty upon all property and rights of property, whether real or personal, belonging to such person shall arise in favor of the commonwealth.

If such person is aggrieved by the assessment of the tax or the determination that he is personally and individually liable therefor, he may apply, in writing to the commissioner, on a form approved by him, for an abatement thereof at any time within the dates provided in section thirty-seven or within sixty days from the date of the notice under this section, whichever is later. All provisions of sections thirty-seven to thirty-nine, inclusive, shall apply to such application for abatement.

Mass.Gen.Laws Ann. ch. 62C, § 31A (added by 1985 Mass.Acts ch. 593, § 17) (emphasis supplied).

Section 31A became effective on December 18, 1985. *See Heritage Bank for Savings v. Doran*, 399 Mass. 855, 861 n. 9, 507 N.E.2d 690 (1987). Section 48 of chapter 593 of the Acts and Resolves of the 1985 legislative session made it applicable "to all state taxes due on or after its effective date." 1985 Mass.Acts ch. 593, § 48. *See also* 1986 Mass.Acts ch. 488, § 65 ("Section 17 [section 31A] shall apply to all state taxes remaining unpaid on or after its effective date").

Parenthetically, section 50 provides in relevant part:

(a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount, including any interest, additional amount, addition to tax, assessable penalty or forfeiture, together with any costs that may accrue in addition thereto, shall be a lien in favor of the commonwealth upon all property and rights to property, whether real or personal, belonging to such person. The lien shall arise at the time the assessment is made or deemed to be made and shall continue until the liability for the amount assessed or deemed to be assessed is satisfied. Said lien shall in any event terminate not later than six years from the date it was created.

Mass.Gen.Laws Ann. ch. 62C, § 50.

In short, section 31A authorizes the Commonwealth to notify the alleged responsible person in writing at any time during the period of time that an assessment against a corporation remains in existence and unpaid. The assessment against the responsible party arises 30 days after written notice unless the individual demonstrates that he was not under a duty to act for the corporation in filing its tax returns and paying its taxes.

According to the Commonwealth, the only collection mechanism available to it after it was stayed by the Debtor's bankruptcy filing, see 11 U.S.C. § 362(a), was the filing of a proof of claim. In its view, the filing of its proof of claim satisfied the "written notice" requirement of section 31A without violating the automatic stay. The Commonwealth asserts that although the Debtor may raise defenses to the tax claim in the Bankruptcy Court its failure to assess the claim prior to bankruptcy is not a valid defense in view of the Code's broad definition of claims. *See* 11 U.S.C. § 101(4).

■ A critical issue in the case is the applicable statute of limitations. The Debtor, on the one hand, relies on the six year limitation for commencing civil actions in contract, Mass.Gen.Laws Ann. ch. 260, § 2, and the six year limitation for a tax lien,

Mass.Gen.Laws Ann. ch. 62C, § 50. Under the Massachusetts tax lien statute, a lien arises at the time of assessment and has a life of six years from the date of assessment. The Commonwealth asserts that any reliance by the Debtor on that statute of limitations is irrelevant because there was never an assessment against the Debtor so there was no lien. The Court agrees.

■ With respect to the six year statute of limitations for contracts, the Superior Court in *Mayo v. Commissioner*, CA No. 62769 slip op. (Massachusetts Superior Court, July 28, 1983), determined that the Commissioner acted improperly in unilaterally adjudicating the tax payer's liability as a responsible party and levying on his bank accounts. The Court stated:

Whether a specific individual officer or employee of a corporation is, as such officer or employee, under a duty to pay over taxes is a fact to be adjudicated. The statute does not and could not authorize the commissioner to adjudicate this question unilaterally, as was done in the instant case. Nor is there any specific statutory authority to allow an adjudication following a hearing conducted by the Commissioner. Such powers on the part of the Commissioner cannot be implied both because amibiguities in taxing statutes are to be resolved in favor of the taxpayer and are to be strictly construed *Mann v. Assessors of Wareham*, 387 Mass. 35, 39 [438 N.E.2d 826] (1982) and because the legislature provided an express means by which a corporate officer or employee's personal liability to the Commonsealth [sic] may be established. The Commissioner can simply commence a timely action in contract against the officer or employee pursuant to the provisions of G.L. c. 62C, sec. 47. No other means is sanctioned by the statute or can be implied.

Slip op. at 3. Section 47 provides that "the commissioner may recover any unpaid tax in an action of contract brought in the name of the Commonwealth." Mass.Gen. Laws Ann. ch. 62C, § 47. The court added in dicta, "[t]he Commissioner has six years to commence an action in contract to at-

tempt to establish that Mr. Mayo was personally liable for some or all of the taxes, penalties and interest assessed against the defunct corporation. Such an action is now clearly barred by G.L. c. 260 sec 2." *Id.* at 6. Notably, the *Mayo* case preceded the enactment of section 31A of chapter 62C.

The Commissioner, on the other hand, relies upon a statute of limitations for the collection of taxes that was enacted in 1983 but took effect on January 1, 1985. Mass. Gen.Laws Ann. ch. 62C, § 65 (originally added by 1976 Mass.Acts ch. 415, § 22, amended by 1983 Mass.Acts ch. 233, § 37 and 1986 Mass.Acts ch. 488, §§ 52, 53). The statute of limitations, which runs from the date of the assessment of the tax, was reduced from 10 years to eight and then six years by 1986 Mass.Acts ch. 488, §§ 52, 53. The history can be summarized as follows:

| Effective Dates | Limitation Period |
| --- | --- |
| January 1, 1985—December 31, 1986 | 10 |
| January 1, 1986—December 31, 1987 | 8 |
| January 1, 1988 to present | 6 |

Section 101 of 1983 Mass.Acts ch. 233 provides that section 37, which made the limitation period ten years, "shall apply to all taxes assessed and remaining unpaid on said date." Section 73 of 1986 Mass.Acts ch. 488 provides that sections 52 and 53, which reduced the limitation period to eight and six years respectively, shall apply to "all taxes assessed prior to their respective effective dates and remaining unpaid on and after the applicable effective date." Section 65 now provides:

> Taxes shall be collected within six years after the assessment of the tax, or prior to the expiration of any period of collection agreed upon in writing by the commissioner and the taxpayer before the expiration of such six-year period or, if there is a release of levy under section sixty-four after such six year period, then before such release....

Mass.Gen.Laws Ann. ch. 62C, § 65.

The Commissioner agrees with the Debtor that no civil action pursuant to Mass. Gen.Laws Ann. ch. 62C, § 47 could be maintained against Michael Vallis to collect its claim because all the tax assessments that make up the tax claim in this case were more than six years old when the

Chapter 13 was filed on February 13, 1987. However, the Commonwealth nevertheless argues it can assess the Debtor directly pursuant Mass.Gen.Laws Ann. ch. 62C, § 31A if the assessed corporate taxes remain unpaid because the limitation period set forth in 1986 Mass.Acts ch. 488, § 52 has not expired.

Without considering the provisions of 1983 Mass.Acts ch. 233, § 101 and 1986 Mass.Acts ch. 488, § 73 just quoted, the Debtor argues that the statute of limitations in effect at the time of the assessments controls the time within which the suit is brought, i.e. the six years limitation period in effect at the time of the corporate assessments, not the statute of limitations that went into effect in 1985, pursuant to 1983 Mass.Acts ch. 233, § 37 and subsequently amended. In the Debtor's view a claim that is time barred cannot be revived. The Debtor cites *Carter v. Supermarkets General Corp.,* 684 F.2d 187, 191 n. 9 (1st Cir.1982) in support of its position. In that case, the Court of Appeals for the First Circuit stated:

> Massachusetts follows the general rule that, absent clear legislative intent statutes affecting substantive rights are prospective, whereas statute affecting procedure or remedies may be retroactive. *E.g. Austin v. Boston Univ. Hosp.,* 372 Mass. 654, 363 N.E.2d 515, 517 (1977); *Palmer v. Selectmen of Marblehead,* 368 Mass. 620, 335 N.E.2d 349 (1975); *Hein–Werner Corp. v. Jackson Industries, Inc.,* 364 Mass. 523, 306 N.E.2d 440, 442–43 (1974). Because a statute of limitations does not generally affect the nature of a defendant's liability, we may treat it as retroactive.

However, the court added:

> Where a cause of action has been extinguished by a time bar, a new statute of limitations will not be applied retroactively to revive it. *See Dirksen v. Hynes & Howes Ins. Counselors, Inc.,* 423 F.Supp. 1290, 1293–94 (S.D.Ia.1976); *cf, City Counsel of Waltham v. Vinciullo,* 364 Mass. 624, 307 N.E.2d 316, 319 (1974) (procedural statute applied retroactively

if case has not already passed stage in which statute pertains). 684 F.2d at 191 n. 10.

Thus, the issue appears to be whether the statutes of limitations set forth in the Acts and Resolves with respect to Mass. Gen.Laws Ann. ch. 62C, § 65, in conjunction with Mass.Gen.Laws ch. 62C, § 31A, should be applied to the Debtor for the collection of taxes that were assessed against Aegean Fare, Inc. in the years 1975 through 1983 and that remain unpaid.

To repeat, section 31A provides a mechanism by which the commissioner can make an assessment against a potentially responsible person who fails to pay meals or withholding taxes. The commissioner is authorized to send the purported responsible person written notice. After the expiration of thirty days from the date of the notice, the responsible person "shall be personally and individually liable for the assessments against the corporation or partnership that remain in existence and unpaid." Mass.Gen.Laws Ann. ch. 62C, § 31A. Clearly, without section 31A the Commissioner would have no vehicle for making an assessment against the Debtor as a responsible person other than Mass. Gen.Laws Ann. ch. 62C, § 47 to which the six year statute of limitations applies. *Mayo v. Commissioner,* CA No. 62769 slip op. (Suffolk County Superior Court, July 28, 1983). Since, assessments made against Aegean Fare, Inc. remain in existence and unpaid as a result of Mass.Gen. Laws Ann. ch. 62C, § 65 and its predecessors, assessments may be made against the Debtor if the Court finds that the Commissioner may utilize section 31A, even though it was enacted after the assessments were made against Aegean Fare, Inc.

This issue raises both a novel and consequently unsettled question of state tax law and highlights the difficulty of applying "the general rule that all statutes are prospective in their operation, unless an intention that they be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of law and the effect upon existent rights, remedies and obligations." *City Council of Waltham v. Vinciullo,* 364 Mass. 624, 626, 307 N.E.2d 316 (1974). Unfortunately, there is no definitive case law to aid the Court in determining whether application of section 31A and section 65 of Mass.Gen.Laws chapter 62C affects substantive rights of the Debtor or affects only procedures and remedies available to the Commissioner for the collection of taxes. *See generally Id.* at 627 n. 6, 307 N.E.2d 316. Accordingly, the Court in view of the important state interests and out of respect for the expertise of the state tax tribunals will abstain from ruling on the issue.[1]

The Court's decision to abstain also is predicated on the fact that tax claims entitled to priority by virtue of section 507(a)(7) of the Bankruptcy Code are nondischargeable in a Chapter 13 case. *See generally* 11 U.S.C. §§ 1322(a) and 1328. Moreover, the decision obviates the need to rule on the issue of whether the proof of claim filed by the Commonwealth is equivalent to the notice required by section 31A. Thus the Court will free the Commonwealth from the strictures of the automatic stay for the purpose of notifying the Debtor of his potential liability as a responsible party pursuant to section 31A. While the Court is of the opinion that section 31A may well be an appropriate vehicle for the Commonwealth to press its responsible party claim against the Debtor in view of the provisions of the Acts and Resolves with respect to sections 31A and 65 of Chapter 62C, the Court does not wish to foreclose a state court tribunal from reaching its own conclusion. Accordingly, the Commonwealth is free to attempt to have its claim against the Debtor determined by an appropriate state tribunal.

---

1. Abstention may be raised by a court *sua sponte. See* 28 U.S.C. § 1334(c)(1); *In re World Financial Services Center, Inc.,* 81 B.R. 33, 39 (Bankr.S.D.Cal.1987); *Matter of Dart & Bogue Co., Inc.,* 52 B.R. 594, 598 (Bankr.D.Conn.1985; 1 *Collier on Bankruptcy* ¶ 3.01[3] at 3–74 (15th ed. 1988).

## REPORT AND RECOMMENDATION

In accordance with the memorandum dated September 8, 1988 and pursuant to Bankruptcy Rule 5011, I hereby report and recommend that my *sua sponte* Motion to Abstain pursuant to 28 U.S.C. § 1334(c)(1) be allowed.